# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANJALI SHAH | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | No. 09-4286 |
| HYATT CORPORATION | : | |
| Defendant. | : | |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                  **FEBRUARY 1, 2010**

      Before the court is plaintiff's motion to remand her case to state court [paper no. 4] and defendant's response in opposition [paper no. 9].

*I.*     *PROCEDURAL HISTORY* –

      On August 25, 2009, plaintiff, Anjali Shah ("Shah"), filed a civil action individually and on behalf of individuals similarly situated in the Court of Common Pleas of Philadelphia County against defendant, Hyatt Corporation ("Hyatt"). Shah's complaint alleged that Hyatt systematically and continuously failed to compensate her and other Pennsylvania employees termed "assistant managers" for hours worked over the forty hour work week in violation of the Pennsylvania Minimum Wage Act (43 P.S. § 333.113) and the Wage Payment Collection Law (43 P.S. § 260.3 *et seq.*). On September 21, 2009, Hyatt filed a notice of removal [paper no. 1] from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1332, 1441, and 1446. Hyatt alleged there was complete diversity between the parties, the amount in controversy for the named

plaintiff's claim exceeded $75,000 (Notice of Removal ¶ 9), and since the named plaintiff has a claim in excess of $75,000, a federal court may exercise supplemental jurisdiction over all other class members with similar claims. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 549 (2005).

Shah in a motion to remand argues that the court lacks subject-matter jurisdiction because the class does not exceed 100 people and the matter in controversy does not exceed $5,000,000 as required by the Class Action Fairness Act ("CAFA"). See e.g., 28 U.S.C. §§ 1332(d)(2), (5)(b), & (6). Shah's complaint limited the class damages to a sum less than $5,000,000. (Complaint ¶¶ 58, 66, & 72). Shah's motion did not respond to Hyatt's allegations that the named parties are diverse or that Shah's individual claim exceeds $75,000.

II.  STANDARD OF REVIEW –

A civil action may be properly removed from state court to the federal district court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions where there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

Under the provisions of CAFA, a federal district court also has original jurisdiction, without complete diversity, over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). This provision applies only to class actions where the number of class members

exceeds 100. 28 U.S.C. § 1332(d)(5)(B). In determining the amount in controversy under 28 U.S.C. § 1332(d)(2), the claims of the individual class members are aggregated. 28 U.S.C. § 1332(d)(6).

When a putative class action does not involve a federal question or meet CAFA's jurisdictional requirements, the Supreme Court's analysis of the supplemental jurisdiction statute, 28 U.S.C. § 1367, is relevant.[1] Title 28 U.S.C. § 1367 permits district courts to exercise supplemental jurisdiction over members of plaintiff's class action whose individual claims fail to meet the amount in controversy threshold, as long as the other elements of diversity jurisdiction are present and the claim of a single plaintiff satisfies the amount in controversy requirement. See Exxon Mobil Corp., 545 U.S. at 558-60; Czarnecki v. Hawthorn Manufacturing Corp., No. 08-5558, 2009 WL 159806, at *2-3 (E.D.Pa. Jan. 16, 2009) (the court has the authority to exercise supplemental jurisdiction over all members of the putative class so long as the claim of the named plaintiff exceeds $75,000). This broad grant of jurisdiction under § 1367 is limited by the exceptions set forth in § 1367(b) and the trial court's discretion to decline supplemental

---

[1] In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), the Supreme Court considered the scope of the supplemental jurisdiction statute, 28 U.S.C. § 1367, and whether a federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement. Id. at 549. The Court held that an action based only on diversity jurisdiction where the claims of some plaintiffs satisfy the amount-in-controversy requirement but others do not, is a "civil action of which the district courts have original jurisdiction," and, the court can then decide whether to exercise supplemental jurisdiction over the claims of the additional parties. Id. at 559. The Court also mentioned the role of CAFA in assessing supplemental jurisdiction, "[t]he CAFA, moreover, does not moot the significance of our interpretation of § 1367, as many proposed exercises of supplemental jurisdiction, even in the class-action context, might not fall within the CAFA's ambit." Id. at 572.

jurisdiction in the categories stated in § 1367(c).[2] Growth Horizons Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993) (the district court should take into account generally accepted principles of "judicial economy, convenience, and fairness to the litigants.").

III. DISCUSSION –

Title 28 U.S.C. § 1332(a) and § 1332(d) provide separate, independent means by which a court has original jurisdiction. See Steel City Group v. Global Online Direct, Inc., No. 06-1501, 2006 WL 3484318, at *1 (W.D.Pa. Nov. 30, 2006) ("[N]othing in the text of Section 1332(d) purports to supplant or restrict the traditional diversity jurisdiction conferred under Section 1332(a)."). Analyzed under either rubric, this court would find that remand is appropriate in this case.

A. § 1332(d) –

The complaint asserts (and defendant agrees) that Shah is a citizen of Pennsylvania, Hyatt is a corporation incorporated in Illinois, and that the putative class would consist of all "assistant managers" employed by Hyatt in the Commonwealth of Pennsylvania. (Complaint ¶¶ 1, 2, &

---

[2] The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

20). The minimal diversity required by § 1332(d)(2)(A) is established, but the other requirements for original jurisdiction under § 1332(d) are not. Shah has limited her claim to a sum less than $5,000,000. (Complaint ¶ 58, 66, & 72). When the plaintiff expressly limits her claim in the complaint, the proponent of federal jurisdiction must show to a legal certainty that the amount in controversy actually exceeds the jurisdictional threshold. Frederico v. Home Depot, 507 F3d 188, 196 (3d Cir. 2007). Hyatt has made no attempt to meet this burden, and has explicitly stated that the grounds for removal are based on the traditional diversity statute, and *not* CAFA. (Notice of Removal ¶ 6; Brief in Opposition to Plaintiff's Motion to Remand, at 2). Without addressing class numerosity, the alleged amount in controversy would prevent this court from asserting jurisdiction.

B. § 1332(a) –

Hyatt's removal notice avers complete diversity between, Shah, the named plaintiff, and Hyatt Corporation, the defendant. In its notice of removal, Hyatt proffered a reasonable statement of the value of the claim of the named plaintiff. (Notice of Removal ¶ 9). The $75,000 amount in controversy threshold is met, and the court would have original jurisdiction of a non-class action under 28 U.S.C. § 1332(a). Hyatt, invoking 28 U.S.C. § 1367 and Exxon Mobil Corp., expects the court can exercise supplemental jurisdiction over the claims of the additional unnamed plaintiffs whether or not they meet the jurisdictional threshold.

A district court has the responsibility to manage complex litigation. De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003). Though a court may exercise supplemental jurisdiction over non-federal claims, it maintains discretion to decline that exercise. Id. Assuming that the court has original jurisdiction over this civil action, the court, in its discretion,

declines to exercise supplemental jurisdiction and remands the action to state court under §§ 1367(c)(1), (c)(2), & (c)(4). There are complex and novel issues of state employment law raised by this putative class action. Deciding them will require: (1) fact intensive inquiry into the misclassification claim; (2) interpretation of the scope of exemptions to the minimum wage and overtime provisions in the Pennsylvania Minimum Wage Act; and (3) an assessment of the applicability of the Pennsylvania Wage Payment Collection Law. The De Asencio court identified this latter issue as a ground weighing against supplemental jurisdiction. 342 F.3d at 311 (whether the WPCL pertains to at will, non-collective bargaining employees is an issue better left to Pennsylvania state courts); see also, Woodward v. Fedex Freight East, Inc., 20 F.R.D. 178, 184 (M.D.Pa. 2008) (discussing alternative grounds to deny supplemental jurisdiction over a WPCL claim where [like Shah] plaintiff's complaint failed to allege that he worked under an employment agreement or collective bargain agreement that obligated overtime compensation).

The court must also consider the substantial predominance of the supplemental claims over the claim over which this court arguably has original jurisdiction. Plaintiff, through artful pleading, filed a civil action in state court where numerous Pennsylvania citizens could assert state statutory rights against a corporation that does substantial business in Pennsylvania. Hyatt wishes to move the action to federal court because Shah's individual claim may exceed $75,000. Based on: (1) the three-year statute of limitations for pursuing claims for withheld compensation in Pennsylvania, 43 Pa. Cons. Stat § 260.9a(g); (2) the limit on damages in the complaint–i.e., not to exceed $5,000,000, (Complaint ¶ 58, 66, & 72); and (3) the potential number of other class

members;[3] the number of class members whose individual damages would fall below the $75,000 threshold requirement will likely exceed those class members whose claims value would have permitted them to file individual claims in federal court. Because this action deals solely with claims under state not federal law, the specific concern raised in De Asencio, "where, a state claim constitutes the real body of a case, to which the federal claim is only an appendage," is not apt. 342 F.3d at 309. Nevertheless, the general notion of limiting federal jurisdiction to predominately federal claims would weigh in favor of remand.

Allowing this action to remain in federal court would also undermine the objectives Congress sought when limiting the scope of representative actions for overtime pay and minimum wage violations. De Asencio, 342 F.3d at 310. Congress has enacted an opt-in requirement in federal causes of action for overtime pay and minimum wage violations. Id. Although this action does not have the conflict of parallel opt-in Fair Labor Standards Act ("FLSA") claims and opt-out Rule 23 state wage law claims because no federal law claims have been stated, allowing the action to proceed in federal court based on supplemental jurisdiction would award the putative class a federal venue for claims expressly implicating rights under the FLSA, without the opt-in requirement. Woodward, 250 F.R.D. at 187 ("The state statutes at issue either provide[] rights identical to [or] track[] the language of the FLSA . . . . [T]he Pennsylvania and FLSA overtime provisions both mandate compensation of one-and-one-half times the employee's regular hourly rate for all hours in excess of forty per week . . . and the Pennsylvania overtime exemptions trace[] the FLSA exemptions virtually 'word for word.'").

---

[3] The court is guided by plaintiff's averments that there are eight Hyatt Hotels in the Commonwealth of Pennsylvania and that the class is a number less than 100 people. (See Pl. Motion to Remand ¶¶ 15, 16.)

Avoiding this affront to congressional intent is a compelling reason for declining jurisdiction. Further, there is no reason that judicial economy, convenience, and/or fairness to the litigants would compel a federal court rather than state court disposition.

During a conference held on January 20, 2010, at which counsel for both parties were present and heard, the court asked the parties to address the discretionary aspect of § 1367 as their was no discussion of this in their motions for and against federal jurisdiction. The parties were allowed an opportunity to supplement their briefs on whether the court had discretion to decline supplemental jurisdiction in a wage and labor putative class action based only on a violation of a state statute.

In support of exercising supplemental jurisdiction, defendant cites Goldman v. Radioshack Corp., No. 03-0032, 2003 WL 21250571, at *5 (E.D. Pa. April 16, 2003), where a court exercised supplemental jurisdiction over class claims brought under the Pennsylvania Minimum Wage Act and Wage Payment and Collection Law; the complaint included a class claim under the FLSA, on which original federal question jurisdiction was based, and declining supplemental jurisdiction would have created parallel proceedings in state and federal court. A federal claim is absent from the present action. The decision in De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003), casts doubt upon the grounds on which the Goldman court reached its decision. The Goldman court cited De Asencio v. Tyson Foods, Inc., No. 00-4294, 2002 WL 1585580, at *5 (E.D. Pa. July 17, 2002), for the proposition that district courts routinely exercise supplemental jurisdiction over related state labor law claims when the plaintiffs are bringing an FLSA representative action. Goldman, 2003 WL 21250571, at *4. Defendant, Tyson Foods, Inc., argued that the court should not have exercised supplemental

jurisdiction over the related opt-out WPCL claims because of inconsistency with the opt-in FLSA claims, and because the state law claims would predominate over the federal ones. De Asencio, 2002 WL 1585580, at *4-5. The district court held that it was in the court's discretion to exercise supplemental jurisdiction over the WPCL claims. Id. at *5. On appeal, the Third Circuit found that the district court did not exercise sound discretion in granting supplemental jurisdiction over the WPCL action. De Ascencio, 342 F.3d at 310-21 (the presence of complex questions of state law, state law predomination, and "Congress's express preference for opt-in actions for the federal cause of action" preclude the exercise of supplemental jurisdiction). Accordingly, the court is not persuaded by defendant's additional briefing.

As this action involves matters of state law fully capable of adjudication by the state court in which jurisdiction first attached, remand of the civil action to state court is appropriate. The court has no view on removal if the defendant succeeds in dismissing the class action, and an individual action against the defendant is all that remains.

IV.  CONCLUSION –

For the reasons stated above, plaintiff's motion to remand will be granted. An appropriate order follows.